GJP
GJP
2:18-4082

JS 44 (Rev 06/17)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
J.M. and P.M.

**DEFENDANTS**
SPRINGFIED TOWNSHIP, et al

(b) County of Residence of First Listed Plaintiff  Montgomery
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant  Montgomery
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Law office William C Reil
1515 Market ST., Ste 1200
Phila 19102   215-564-1635

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1  U.S. Government Plaintiff
- ☒ 3  Federal Question *(U.S. Government Not a Party)*
- ☐ 2  U.S. Government Defendant
- ☐ 4  Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

|  | PTF | DEF |  | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

Click here for Nature of Suit Code Descriptions

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | **PERSONAL INJURY** | **PERSONAL INJURY** | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 376 Qui Tam (31 USC 3729(a)) |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 400 State Reapportionment |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | **PROPERTY RIGHTS** | ☐ 410 Antitrust |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 430 Banks and Banking |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 450 Commerce |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | **PERSONAL PROPERTY** | **LABOR** | ☐ 835 Patent - Abbreviated New Drug Application | ☐ 460 Deportation |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | ☐ 370 Other Fraud | ☐ 710 Fair Labor Standards Act | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 371 Truth in Lending | ☐ 720 Labor/Management Relations | **SOCIAL SECURITY** | ☐ 480 Consumer Credit |
| ☐ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 380 Other Personal Property Damage | ☐ 740 Railway Labor Act | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 385 Property Damage Product Liability | ☐ 751 Family and Medical Leave Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 196 Franchise | | | ☐ 790 Other Labor Litigation | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| **REAL PROPERTY** | **CIVIL RIGHTS** | **PRISONER PETITIONS** | | **FEDERAL TAX SUITS** | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☒ 440 Other Civil Rights | **Habeas Corpus:** | | ☐ 870 Taxes (U S Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer w/Disabilities - Employment | ☐ 535 Death Penalty | **IMMIGRATION** | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer w/Disabilities - Other | **Other:** ☐ 540 Mandamus & Other | ☐ 462 Naturalization Application | | |
| | ☐ 448 Education | ☐ 550 Civil Rights | ☐ 465 Other Immigration Actions | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

- ☒ 1 Original Proceeding
- ☐ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from Another District *(specify)*
- ☐ 6 Multidistrict Litigation - Transfer
- ☐ 8 Multidistrict Litigation - Direct File

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
FIRST AMENDMENT AND 42 U.S.C. 1983 et seq

Brief description of cause:
PUBLIC STUDENT PUNISHED FOR OFF-CAMPUS SPEECH

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F R Cv P
**DEMAND $** NONE
CHECK YES only if demanded in complaint
**JURY DEMAND:** ☐ Yes ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions)*
JUDGE _____
DOCKET NUMBER _____

SEP 21 2018

DATE 9/21/18
SIGNATURE OF ATTORNEY OF RECORD  William C Reil   # 26833

**FOR OFFICE USE ONLY**
RECEIPT # _____   AMOUNT _____   APPLYING IFP _____   JUDGE _____   MAG JUDGE _____

GJP

**UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

18 CV 4082

**DESIGNATION FORM**
*(to be used by counsel or pro se plaintiff to indicate the category of the case for the purpose of assignment to the appropriate calendar)*

Address of Plaintiff: __8504 WIDENER ROAD, Wyndmoor, PA 19038__
Address of Defendant: __ALL DEFS: ncr 1901 Paper Mill Road, Oreland PA__
Place of Accident, Incident or Transaction: __1901 Paper Mill Road__

---

**RELATED CASE, IF ANY:**

Case Number _____ Judge: _____ Date Terminated _____

Civil cases are deemed related when *Yes* is answered to any of the following questions

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes ☐   No ☐

3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action of this court?   Yes ☐   No ☐

4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes ☐   No ☐

I certify that, to my knowledge, the within case ☐ is ☒ is not related to any case now pending or within one year previously terminated action in this court except as noted above

DATE: _____   *William C Reif*
                           Attorney-at-Law / Pro Se Plaintiff    Attorney ID # (if applicable)

---

**CIVIL:** (Place a ✓ in one category only)

**A.  Federal Question Cases:**

☐ 1  Indemnity Contract, Marine Contract, and All Other Contracts
☐ 2  FELA
☐ 3  Jones Act-Personal Injury
☐ 4  Antitrust
☐ 5  Patent
☐ 6  Labor-Management Relations
☒ 7  Civil Rights
☐ 8  Habeas Corpus
☐ 9  Securities Act(s) Cases
☐ 10 Social Security Review Cases
☐ 11 All other Federal Question Cases
     *(Please specify)* _____

**B.  Diversity Jurisdiction Cases:**

☐ 1  Insurance Contract and Other Contracts
☐ 2  Airplane Personal Injury
☐ 3  Assault, Defamation
☐ 4  Marine Personal Injury
☐ 5  Motor Vehicle Personal Injury
☐ 6  Other Personal Injury *(Please specify)* _____
☐ 7  Products Liability
☐ 8  Products Liability - Asbestos
☐ 9  All other Diversity Cases
     *(Please specify)* _____

---

**ARBITRATION CERTIFICATION**
*(The effect of this certification is to remove the case from eligibility for arbitration.)*

I, _William C Reif_, counsel of record or pro se plaintiff, do hereby certify:

☒ Pursuant to Local Civil Rule 53.2, § 3(c) (2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs

☒ Relief other than monetary damages is sought

SEP 21 2018

DATE: __9/20/18__   *William C Reif*   __#26833__
                    Attorney-at-Law / Pro Se Plaintiff   Attorney ID # (if applicable)

NOTE: A trial de novo will be a trial by jury only if there has been compliance with F R C P 38

Civ 609 (5/2018)

GJP

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

CASE MANAGEMENT TRACK DESIGNATION FORM

J. M and R. M                                : CIVIL ACTION

v.                                           :

SPRINGFIELD TOWNSHIP, et al       NO. 18CV4082

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.) In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health
and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration - Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from
exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are
commonly referred to as complex and that need special or intense management by
the court. (See reverse side of this form for a detailed explanation of special
management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

9/20/18              William C. Reil              Plaintiffs
Date                 Attorney-at-law              Attorney for

215-564-1635         215-564-4292                 BillReilLaw@gmail.com
Telephone            FAX Number                   E-Mail Address

(Civ. 660) 10/02

SEP 21 2018

GJP

$400

LAW OFFICES OF WILLIAM C. REIL
BY: William C. Reil, Esquire
Identification No. 26833
1515 Market Street, Suite 1200
Philadelphia, PA 19102
(215) 564-1635

J.M. AND R.M., individually, and
as parents and natural guardians of
R.E.M., a minor
8504 Widener Road
Wyndmoor, PA 19038

      v.

SPRINGFIELD TOWNSHIP SCHOOL
DISTRICT
1901 Paper Mill Road
Oreland, PA 19075

      and

NANCY HACKER
Superintendent
C/O Springfield Township School District
1901 Paper Mill Road
Oreland, PA 19075

      and

CHARLES RITTENHOUSE
Principal
C/O Springfield Township School District
1901 Paper Mill Road
Oreland, PA 19075

      and

SCOTT ZGRAGGEN
Assistant Principal
C/O Springfield Township School District
1901 Paper Mill Road
Oreland, PA 19075

ATTORNEY FOR PLAINTIFF
UNITED STATES DISTRICT
COURT FOR THE EASTERN
DISTRICT OF PENNSYLVANIA

No. _18cv4082_

JURY TRIAL DEMANDED

## COMPLAINT – CIVIL ACTION

## PARTIES

1. The plaintiffs are J.M. and R.M., the parents of R.E.M., a minor age 16, and a student at Springfield Township High School, in the Springfield Township School District, at all times material herein. The address of plaintiffs is indicated in the caption.

2. A defendant is Springfield Township School District ("Springfield"), an educational institution or government entity of the Commonwealth of Pennsylvania. The address for Springfield is indicated in the caption.

3. A defendant is Dr. Nancy Hacker, Superintendent of Springfield Township High School, whose address for service of process is indicated in the caption.

4. A defendant is Dr. Charles Rittenhouse, Principal of Springfield Township High School, whose address for service of process is indicated in the caption.

5. A defendant is Scott Zgraggen, Assistant Principal of Springfield Township High School, whose address for service of process is indicated in the caption.

## JURISDICTION

6. The Court has jurisdiction under the First Amendment of the United States Constitution, and also has jurisdiction under the Civil Rights Act, 42 U.S.C. § 1983, with pendent jurisdiction to consider any claims arising under state law.

## VENUE

7. Venue is properly before the Court, since all defendants are located or conduct business in the Eastern District of Pennsylvania, and the underlying transaction which forms the basis of the complaint, took place in the District.

## GENERAL ALLEGATIONS

8. This lawsuit arises out of the adverse administrative actions of defendants and punishment of R.E.M., a student enrolled in Springfield Township School District, on or about April 3, 2018, arising from a private Snapchat video by R.E.M., which was forwarded to school administrators by a third party. This video did not take place on school property nor did it cause a substantial and material disruption of school activities. See *Tinker v. Des Moines Independent Community School District*, 393 U.S. 503 (1969).

9. R.E.M. was suspended by the School District, through its administrator defendants, arising out of the opinion expressed in the video by minor plaintiff. *See* Exhibit A, which is a suspension notice dated 04/03/18, with the identity of plaintiffs redacted.

10. Springfield, acting through its agents, servants, and employees, not only suspended R.E.M. for violating School policy, but proceeded to defame her by publishing implied references to the Snapchat video on electronic media throughout the School, via "Smart Board" to hundreds of students. An email to school parents addressing the incident was sent on or about 04/04/18. *See* Exhibit B.

11. R.E.M. was indentified by her classmates as the person involved in the underlying incident arising out of the actions of defendants.

12. Such actions by the School defamed minor plaintiff, and placed her in a false light, as well as caused her emotional distress, embarrassment, humiliation, and loss of life's pleasure. These actions by the School have and will affect her ability to receive an education at Springfield, and to be admitted to a college or university of her choosing and may impact future earning capacity.

13. Dr. Charles Rittenhouse, the Principal of Springfield Township High School, was a person directly involved in suspending R.E.M., and he was a policy maker and policy enforcer.

## FIRST CAUSE OF ACTION

14. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

15. This cause of action is for violation of the First Amendment rights of R.E.M. The School District acted outside its authority for regulation of out of school speech. *J.S., A Minor, Through Her Parents v Blue Mountain School District; Joyce Romberger, James,* No. 08-4138 (3d Cir. 06/13/2011)

16. It is a violation of the law to suspend a student for non-disruptive conduct occurring outside school premises. See *J.S. v. Blue Mountain School District,* 3d Cir. 06/13/2011.

17. Defendants' punishment of R.E.M. was a result of a constitutionally protected expression of her opinion in a video made off of school property, which violates her rights under the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, and 42 U.S.C. §1983.

18. Defendants' policies and rules are unconstitutionally vague and/or overbroad, both on their face and applied to R.E.M., *inter alia*, because they do not distinguish between conduct at school or school-related events and conduct away from school, and thus violate the First Amendment to the United States Constitution, as applied to the states by the Fourteenth Amendment, and 42 U.S.C. §1983.

19. Similarly, the basis for the suspension of R.E.M. is stated by the School District as "inappropriate behavior" (emphasis in the original). *See* Exhibit A. This

characterization of R.E.M.'s behavior and her subsequent suspension, is not only void for vagueness and overbreadth, but is a pretext used by the defendants to sanction R.E.M. for the valid exercise of her First Amendment rights.

20. Springfield School District has the authority to regulate conduct of students "during such time as they are under the supervision of the Board of School Directors," 24 P.S. §5-510, and "during the time they are in attendance," 24 P.S. §13-1317.

21. Springfield School District does not have the authority to regulate non-disruptive student conduct occurring outside of school property. Such action by the School District is legally *ultra vires*.

22. Defendants' disciplinary action against R.E.M. for conduct that occurred off of school grounds exceeds the disciplinary authority granted to the School District by Pennsylvania law and the United States Constitution.

23. Minor plaintiff has sought medical treatment for the emotional distress caused by defendants.

24. As a result of defendant's illegal actions, minor plaintiff suffered violation of her civil rights, emotional distress, embarrassment, humiliation, defamation, and false light portrayal.

WHEREFORE, plaintiffs request damages from defendants for violation of plaintiffs' civil rights, defamation, emotional distress, and loss of earnings and earning capacity, in an amount in excess of $150,000 (One Hundred and Fifty Thousand Dollars), plus interest, costs, attorney's fees, injunctive relief, and any other applicable relief by the Court. Plaintiffs also request expungement of this incident from minor plaintiff's student records.

## SECOND CAUSE OF ACTION

25. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

26. This cause of action is for violation of plaintiff's substantive and procedural due process rights under §1983 of the Civil Rights Act.

27. Plaintiffs were denied any hearing by the District before punishment was exacted.

28. Plaintiff's substantive and procedural due process rights were violated by the actions of defendants, and such actions constituted a violation of her civil rights under 42 U.S.C. §1983.

29. Plaintiff's due process liberty interest was violated by punishing her for freedom of expression.

WHEREFORE, plaintiffs request damages from defendants for violation of plaintiffs' civil rights, defamation, emotional distress, and loss of earnings and earning capacity, in an amount in excess of $150,000 (One Hundred and Fifty Thousand Dollars), plus interest, costs, and attorney's fees, plus injunctive relief, and any other applicable relief by the Court. Plaintiffs also request expungement of this incident from minor plaintiff's student records.

## THIRD CAUSE OF ACTION

30. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

31. This cause of action is for the pendent claim of defamation.

32. Defendants defamed and portrayed R.E.M. in a false light through the following actions:

a) Broadcasting and publishing references to R.E.M.'s alleged misconduct off of school premises to hundreds of students and faculty in the School, through the "Smart Board" electronic system and other means;

b) Putting R.E.M. in a false light by suspending her;

c) Making announcements and communications to the student body of Springfield Township High School, which caused them to identify R.E.M. through social media, communication with other students, and other means;

d) Suspending minor plaintiff without legal basis;

e) Defaming minor plaintiff through her school records, which may be accessible to colleges and other organizations.

f) Otherwise defaming plaintiffs and their daughter by causing false and defamatory statements to be published and placing plaintiff in a false light, when defendants, acting through their agents, servants, and employees, knew or should have known that the identity of R.E.M. would be ascertained through their actions.

WHEREFORE, plaintiffs request damages from defendants for violation of plaintiffs' civil rights, defamation, emotional distress, and loss of earnings and earning capacity, in an amount in excess of $150,000 (One Hundred and Fifty Thousand Dollars), plus interest, costs, and attorney's fees, plus injunctive relief, and any other applicable relief by the Court. Plaintiffs also request expungement of this incident from minor plaintiff's student records.

### FOURTH CAUSE OF ACTION

33. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

34. This is a cause of action against Superintendent Nancy Hacker, Ed.D, who at all times material herein, approved and ratified the decision to discipline and/or punish minor plaintiff R.E.M. for the exercise of her First Amendment rights outside of school property.

35. At all times material herein, Nancy Hacker was the Superintendent of the Springfield Township School District and the highest individual authority in the School District.

36. Superintendent Hacker was in contact with Dr. Rittenhouse, and at her direction, Principal Rittenhouse, or his administrative subordinates, suspended and disciplined R.E.M., as a result of this incident.

37. Superintendent Hacker conducted the second meeting with the plaintiffs on or about 04/04/18, and she authorized the suspension of R.E.M. arising out of the Snapchat video.

38. Superintendent Hacker ratified the punitive measures against R.E.M. imposed by the District.

39. Superintendent Hacker was the chief policy maker and policy enforcer for the School District.

40. As a result of the actions of Superintendent Hacker, the heretofore mentioned torts were committed and plaintiff suffered the damages previously enumerated.

WHEREFORE, plaintiffs request damages from defendants for violation of plaintiffs' civil rights, defamation, emotional distress, and loss of earnings and earning capacity, in an amount in excess of $150,000 (One Hundred and Fifty Thousand Dollars),

plus interest, costs, and attorney's fees, plus injunctive relief, and any other applicable relief by the Court. Plaintiffs also request expungement of this incident from minor plaintiff's student records.

## FIFTH CAUSE OF ACTION

41. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

42. This cause of action is against defendant Charles Rittenhouse, Ed.D. who at all times material herein was the Principal of Springfield Township High School.

43. Dr. Rittenhouse was present at a meeting with R.E.M. on 04/03/18, and with both parents on 04/04/18, in which he admonished R.E.M. in the presence of her parents for exercising her First Amendment rights with respect to the Snapchat video.

44. Dr. Rittenhouse spoke on a live "Smart Board" presentation and addressed the School about the content of the Snapchat video.

45. As a result of the actions of Principal Rittenhouse, the heretofore mentioned torts were committed and plaintiff suffered the damages previously enumerated.

WHEREFORE, plaintiffs request damages from defendants for violation of plaintiffs' civil rights, defamation, emotional distress, and loss of earnings and earning capacity, in an amount in excess of $150,000 (One Hundred and Fifty Thousand Dollars), plus interest, costs, and attorney's fees, plus injunctive relief, and any other applicable relief by the Court. Plaintiffs also request expungement of this incident from minor plaintiff's student records.

## SIXTH CAUSE OF ACTION

46. Plaintiffs incorporate all prior paragraphs as though fully set forth herein.

47. Defendant Assistant Principal Scott Zgraggen, at all times material herein, was an administrator at Springfield Township High School who had authority over minor plaintiff R.E.M.

48. Assistant Principal Scott Zgraggen handed a letter to the parents of R.E.M., on or about 04/09/18, suspending her for alleged "inappropriate behavior". This letter was unconstitutionally vague, pretextual in nature, and violated the First Amendment rights of R.E.M. *See* Exhibit A.

49. The suspension for "inappropriate behavior" was a pretext for punishment of R.E.M. exercising her First Amendment rights, as heretofore set forth.

50. **"Inappropriate behavior"** as a violation of the School's discipline policy is so nebulous, as to be void for vagueness and unconstitutionally infirm as overbroad (emphasis in the original). *See* Exhibit "A".

51. Mr. Zgraggen was present at the "re-entry conference" on 04/10/18, for the parents of R.E.M., before she was allowed to return to School.

52. The suspension letter (Exhibit A) was placed in the student discipline file for R.E.M. and given to her guidance counselor.

53. This was the third disciplinary conference for the parents of R.E.M. arising out of the incident in this Complaint.

54. Defendant Scott Zgraggen committed the torts as heretofore outlined in this Complaint and plaintiff suffered the damages as heretofore described.

WHEREFORE, plaintiffs request damages from defendants for violation of plaintiffs' civil rights, defamation, emotional distress, and loss of earnings and earning capacity, in an amount in excess of $150,000 (One Hundred and Fifty Thousand Dollars),


plus interest, costs, and attorney's fees, plus injunctive relief, and any other applicable relief by the Court. Plaintiffs also request expungement of this incident from minor plaintiff's student records.

Date: 9/20/18

*William C. Reil*

William C. Reil, Esquire
Attorney for Plaintiff
1515 Market Street, Suite 1200
Philadelphia, PA 19102
215-564-1635
ID: 26833

# EXHIBIT A



# School District of Springfield Township

*Springfield Township High School 1801 East Paper Mill Road Erdenheim, Pennsylvania 19038   215.233.6030*

Dr. Charles Rittenhouse, Ed.D.  
*Principal*

Nancy Hacker, Ed.D.  
*Superintendent*

April 3, 2018

R▮▮▮ M▮▮▮  
J▮▮▮ M▮▮▮  
8504 Widener Road  
Wyndmoor, PA 19038

RE:   R▮▮▮ M▮▮▮

To the Parent/Guardian of R▮▮▮ M▮▮▮,

Please be advised that your child, R▮▮▮ has been placed on Out-of-School Suspension for the following date: April 3, 4, 5, 6, and 9, 2018.

The basis for the suspension is Inappropriate Behavior, a violation of the school discipline policy.

During the period of Out-of-School Suspension, your child should be under direct adult supervision during the school day.  Also, during that time, your child is not permitted to be on school property at any time for any reason, and shall not be permitted to attend any school sponsored activity.  Trespassing on school property during the Out-of-School Suspension may result in a referral to legal authorities.

While on Out-of-School Suspension, your child has the right to all homework and assignments.  Please contact Susan Nelson at 215-233-6030, ext.2001 to make arrangements as soon as possible.

As a condition of reinstatement, a parent or guardian must accompany your child for a short re-entry conference.  At that time, we will review our behavior expectations, including how we can work together for your child to have a successful year, both academically and socially.  This re-entry conference has been scheduled for Tuesday, April 10, 2018 at 10:45am.

Please contact me at 610-233-6030 if you have any questions.

Sincerely,

Scott Zgraggen, Assistant Principal  
cc:   Student Discipline file  
      Guidance Counselor

*Where Community and Schools are One*

# EXHIBIT B

-----Original Message-----
From: STHS <denise_buchanan@sdst.org>
To: stivrip <stivrip@aol.com>
Sent: Tue, Apr 3, 2018 5:53 pm
Subject: Incident Update

As you may be aware, a video that contained racially insensitive comments was recorded by two of our high schools students and viewed last evening by numerous students, parents, staff and community members. After we became aware of the situation early this morning, the Administrative Team immediately investigated the situation in order to determine and take appropriate actions. The district recognizes the very serious nature of this incident and are taking the necessary steps to work with our students so that they develop an understanding that hate has no place in our school. We also understand that young people do not always recognize or appreciate the devastation that their comments can cause. We have an obligation to work with the students who have been hurt, as well as a responsibility to educate the students who may not understand the fallout from their words or actions. While we are disappointed that our school community is in this position, we are proud that many of our students have handled themselves with maturity as we begin to process what has occurred, and why, and heal. This will certainly be an ongoing effort that will take commitment from the entire community. We appreciate everyone's support and concern and look forward to brighter days ahead and a productive, continued dialogue about tolerance and understanding.

Springfield Township School District would like to continue connecting with you via email. If you prefer to be removed from our list, please contact Springfield Township School District directly. To stop receiving all email messages distributed through our SchoolMessenger service, follow this link and confirm Unsubscribe

SchoolMessenger is a notification service used by the nation's leading school systems to connect with parents, students and staff through voice, SMS text, email, and social media.

ReplyForward